UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN - SOUTHERN DIVISION

ERIC A. WILLIAMS,

    Plaintiff,

v.

ETHICON, INC., et al.

    Defendants.

                                /

Case No.: 2:10-CV-12986
Honorable Patrick J. Duggan

**STIPULATED PROTECTIVE ORDER**

      The parties have hereby stipulated and agreed and therefore **IT IS ORDERED**, in accordance with Federal Rule of Civil Procedure 26(c), that all discovery, including documents produced in this action, shall be subject to the following restrictions and that the following terms and conditions shall govern the treatment of Confidential Information and material for Attorney Review Only.

      1.    **"Confidential Information."** "Confidential Information" refers to information, documents, or other material that the designating party reasonably and in good faith believes constitutes or reflects trade secrets or information whose confidentiality is otherwise protectable under applicable law. This includes but is not limited to confidential research, development, or commercial information (as those terms are used in Federal Rule of Civil Procedure 26(c)(1)(G)), and personal medical information, private personal information, protected health information, tax returns, and other information reasonably sought to be kept confidential.

      2.    **Designation of Confidential Information.** Any party may reasonably designate any document containing Confidential Information, or portion thereof, which it may produce as "Confidential" by labeling the document to be so designated substantially as follows: "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER." The designation

CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

3. **Use of Confidential Information.** Anyone who is provided with access to Confidential Information under this Order shall use such information solely in connection with this action, shall keep such information strictly confidential, and shall in no way disclose such information, or any portion, summary, abstract or other derivation thereof, to any firm, person, or entity, except as provided in paragraph 4.

4. **Disclosure of Confidential Information.** Access to Confidential Information shall be limited to:

    (a) *Attorneys.* Attorneys of record and other personnel in their law firm(s) (including other attorneys, paralegals, and other staff personnel) who require access for the purpose of representing any party in this action.

    (b) *Named parties.* The named parties in this action.

    (c) *Experts and consultants.* Outside experts or consultants retained in connection with this action, provided that they first shall be shown and shall read a copy of this Stipulated Protective Order, and shall execute a Confidentiality Agreement in the form attached hereto as Exhibit A. Counsel for the party obtaining a person's signature shall retain the original signed Confidentiality Agreement and shall provide a copy to the designating party upon request. For the purposes of this Order, outside experts and consultants do not include any person regularly employed by any party or an employee of a competitor of any party.

 (d) *Witnesses.* Witnesses who testify at depositions, hearings, or trial, if any such further proceedings occur in this case.

 (e) *Court reporters and videographers.* Court reporters and videographers appearing at depositions, hearings, or trial, if any such further proceedings occur in this case.

 (f) *Court.* The Court and its personnel.

 (g) *Other persons.* Without the necessity of a Court order, any other person who the parties jointly agree may have access to the Confidential Information.

5. **Non-Waiver of Confidentiality or Objection to Production.** Review of Confidential Information by any person in paragraph 4 shall not waive the confidentiality of that information and shall not waive any objection to production of that information.

6. **"Attorney Review Only."** Information, documents, or other material that the designating party reasonably and in good faith believes constitutes or reflects highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party, may be designated as for "Attorney Review Only."

7. **Designation of Material for Attorney Review Only.** Any party may reasonably designate any document containing information for attorney review only, or portion thereof, which it may produce as for "Attorney Review Only" by labeling the document to be so designated substantially as follows: "ATTORNEY REVIEW ONLY: SUBJECT TO PROTECTIVE ORDER." The designation ATTORNEY REVIEW ONLY: SUBJECT TO

PROTECTIVE ORDER does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

8. **Use of Material for Attorney Review Only.** Material produced and marked as for Attorney Review Only may be disclosed only to outside counsel for the receiving party and to such other persons as counsel for the producing party agrees in advance, or as ordered by the Court.

9. **Inadvertent Disclosure of Confidential Information or Material for Attorney Review Only.** The inadvertent, unintentional, or *in camera* disclosure of Confidential Information or material for Attorney Review Only shall not be deemed a waiver, in whole or in part, of any party's claim of confidentiality. Within fifteen (15) days of discovering such inadvertent or unintentional disclosure, any party to this Order may advise the other parties that the Confidential Information is to be designated as Confidential or for Attorney Review Only under the terms of this Order.

10. **Inadvertent Disclosure of Privileged Information.** In the interest of expediting discovery in these proceedings and avoiding unnecessary costs, (a) inadvertent or unintentional disclosure in this litigation of privileged information and/or work product shall not be deemed a waiver, in whole or in part, of any otherwise valid claim of privilege, immunity, or other protection; and (b) failure to assert a privilege and/or work product in this litigation as to one document or communication shall not be deemed to constitute a waiver, in whole or in part, of the privilege, immunity, or other protection as to any other document or communication allegedly so protected, even involving the same subject matter. In the case of inadvertently produced privileged and/or work product documents, upon the recipient becoming aware that he or she has received such documents that clearly were inadvertently produced, or upon a request

made by the producing party, the documents together with all copies made of them and any notes made from them shall be returned forthwith to the party claiming privilege and/or work product immunity.  Any party may, within five (5) court days after notification of inadvertent disclosure under this paragraph, object to the claim of inadvertence by notifying the designating or producing party in writing of that objection and specifying the designated or produced material to which the objection is made.  The parties shall confer within fifteen (15) days of service of any written objection.  If the objection is not resolved, the designating party shall, within fifteen (15) days of the conference, file and serve a motion to resolve the dispute.  If a motion is filed, information subject to dispute shall be treated consistently with the designating or producing party's most recent designation until otherwise ordered by the Court.

11.     **Depositions.**  Any deposition which a party determines will or might reasonably include disclosure of Confidential Information shall be attended only by those persons entitled to receive such Confidential Information pursuant to this Order, but this shall not be construed to allow any such person to attend a deposition he or she otherwise would not be allowed to attend.  During a deposition, any party may ask the reporter to designate certain portions of the testimony as confidential, in which case the confidential portions shall be separately transcribed and labeled as confidential.  In addition, within thirty (30) days after a copy of the transcript taken at the deposition is delivered to the parties, counsel may designate the entirety or any specified portion of the transcript or exhibits thereto as Confidential by letter to the opposing party.  Until such thirty-day period expires, the entirety of such transcripts and all exhibits thereto shall be treated as Confidential and subject to this Order.  After such thirty-day period expires, such transcripts, exhibits or portions thereof designated as Confidential shall be treated as such under this Order.

If no such designation is made within thirty days, such transcripts or exhibits shall not be subject to this Order, except as later agreed by the parties.

12. **Filing With Court.** In filing materials with the Court in pretrial proceedings, counsel shall file under seal only those specific documents and that deposition testimony designated as Confidential or for Attorney Review Only, and only those specific portions of briefs, applications, and other filings that either contain verbatim Confidential Information or material for Attorney Review Only or set forth the substance of such Confidential Information or material for Attorney Review Only. The Court retains the power, either upon motion of any interested party or on its own motion, to determine whether materials filed under seal shall remain sealed. Any such Confidential Information or material for Attorney Review Only shall be filed under seal, in a sealed envelope (or other sealed container) marked with the title of this action, the title of each such transcript or document being filed, and a statement substantially in the following form:

### CONFIDENTIAL

> Pursuant to the Stipulated Protective Order dated _____, 2011, this envelope containing the above-entitled transcripts or documents filed by [the name of the party], is not to be opened nor the contents thereof displayed or revealed, except in accordance with an Order of the Court.

13. **Objection to Designation.** If any party to the litigation disputes the designation of any document or information as Confidential Information or for Attorney Review Only, before seeking the assistance of the Court, the parties must first confer in good faith in an attempt to resolve the question of whether or on what terms the document or information is entitled to Confidential or Attorney Review Only treatment. The party objecting to the Confidential or Attorney Review Only designation shall notify the designating party in writing, and the designating party shall respond within fifteen (15) days. If the parties are unable to agree as to

whether the document or information is properly designated as Confidential Information or for Attorney Review Only, the party objecting to the designation may file an appropriate motion with the Court. The burden of proving the propriety of the designation rests on the party who has made the designation. Until a resolution of the dispute is achieved either through consent or Court order, the parties shall treat the designated document or information as Confidential Information or for Attorney Review Only.

14. **Return of Confidential Information or Material for Attorney Review Only Upon Termination.** Upon the termination of this action, whether by Court order, judgment, settlement, or otherwise, including the termination of any appeals, each party will return to the other all documents designated as Confidential or for Attorney Review Only and all copies or reproductions of such documents designated as Confidential or for Attorney Review Only. The return of Confidential or Attorney Review Only materials shall be completed within thirty (30) days after termination of this action. Any attorney of record in this action who provides access to Confidential Information or material for Attorney Review Only (pursuant to paragraph 8) to any expert, consultant, witness, or other person (as defined in paragraph 4) is responsible for the retrieval from any such expert, consultant, witness, or other person of all documents designated as Confidential or for Attorney Review Only and for the return of all documents designated Confidential or for Attorney Review Only; and the work product prepared by any such expert, consultant, witness, or other person derived from that Confidential Information or material for Attorney Review Only shall be destroyed and/or returned to that attorney of record. This Order, and the obligation to keep Confidential Information or material for Attorney Review Only confidential, shall survive the final termination of this action.

15. **Request to Produce Confidential Information or Material for Attorney Review Only by Subpoena or Otherwise.**  If any party who has received Confidential Information or material for Attorney Review Only is asked to produce such information, by subpoena or otherwise, for purposes of use in a separate legal action, the party receiving such a request shall promptly inform the producing party that such request has been received and shall object to such request on the basis of this Order.

16. **Waiver of Privilege and Admissibility.**  Nothing in this Order shall be deemed a waiver of any type of privilege applicable to any type of information in this or any other action or proceeding.  Nothing in this Order shall be construed to affect the evidentiary admissibility of any Confidential Information or material for Attorney Review Only, and absent order of the Court, there will be no restrictions because of this Stipulated Protective Order on the use of any document that may be introduced by any party during the trial.

17. **Use at Trial.**  Nothing in this Order shall govern the use of Confidential Information or material for Attorney Review Only at any trial of this action.  Questions regarding the protection for Confidential Information or material for Attorney Review Only during trial shall be presented to the Court prior to or during trial as each party deems appropriate.

18. **Non-Party's Confidential Information.**  Any non-party producing discovery material or giving deposition testimony in this action may avail herself, himself, or itself of the confidential treatment provided for in this Order for her, his, or its discovery material or testimony by following the procedures provided herein.

19. **Modification.**  This Order shall not prevent any party from applying to the Court for modification of the Order or for further relief.

20. **Failure to Comply.** Failure to comply with this Order shall be a basis for monetary sanctions or other appropriate relief.

21. **Subtitles.** The subtitles in this Order have been provided for convenience only and are not to be considered in construing or interpreting the meaning of this Order.

**SO ORDERED AND ADJUDGED** on this the 13th day of May, 2011.

s/Patrick J. Duggan
Patrick J. Duggan
United States District Judge

Dated: May 13, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on Friday, May 13, 2011, by electronic and or ordinary mail.

s/Marilyn Orem
Case Manager

**STIPULATED AND AGREED:**

/s/ Gregory E. Schultz (w/ permission)
GREGORY E. SCHULTZ
By: Gregory E. Schultz (P37443)
230 North Avenue
Suite 11
Mount Clemens, MI 48043-1793
ATTORNEYS FOR PLAINTIFF

/s/ Kim J. Sveska (w/ permission)
FOLEY BARON & METZGER, PLLC
By: Thomas J. Foley (P31111)
    Kim J. Sveska (P46303)
38777 Six Mile Road, Suite 300
Livonia, MI 48152
ATTORNEYS FOR DEFENDANT ETHICON

/s/ Michael D. Moeller
SHOOK, HARDY & BACON, LLP

/s/ Mark G. Cooper (w/ permission)
JAFFE RAITT HEUER & WEISS, PC

9

By: Michael D. Moeller
2555 Grand Boulevard
Kansas City, MO 64108
ATTORNEYS FOR UNITED STATES
SURGICAL CORPORATION & COVIDIEN INC.

By: Peter M. Alter
    Mark G. Cooper
27777 Franklin Road, Suite 2500
Southfield, MI 48034
ATTORNEYS FOR TELEFLEX MEDICAL, INC.

 /s/ Matthew H. Letzmann
BROOKS WILKINS SHARKEY & TURCO, PLLC
By: Herbert C. Donovan (P51939)
    Matthew H. Letzmann (P66269)
401 South Old Woodward, Suite 400
Birmingham, MI 48009
ATTORNEYS FOR UNITED STATES
SURGICAL CORPORATION & COVIDIEN INC.

10

**EXHIBIT A**

**UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN - SOUTHERN DIVISION**

ERIC A. WILLIAMS,

    Plaintiff,

v.                                                Case No.:  2:10-CV-12986
                                                Honorable Patrick J. Duggan

ETHICON, INC., et al.

    Defendants.

_____/      **CONFIDENTIALITY AGREEMENT**

    1.    I have been provided with and have read the Protective Order entered by the Court governing the restricted use of Confidential Information and material for Attorney Review Only[1] in this legal action.  I agree to be bound by the terms of the Protective Order.

    2.    I admit that I am not an employee or consultant of a competitor of any of the defendants, and I agree that I will not become an employee or consultant of a competitor of any of the defendants during the pendency of this action, including any possible appeal period, unless I first terminate my engagement as a consultant or designated expert in this action.

    3.    I agree that I will not utilize any materials marked with the legends CONFIDENTIAL or CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER or ATTORNEY REVIEW ONLY: SUBJECT TO PROTECTIVE ORDER for any purpose other than this litigation.  I further agree that I will not reveal the Confidential Information or material for Attorney Review Only to, nor discuss the information or materials with, anyone except in accordance with the terms of the Protective Order.

    4.    I agree that, at the termination of this litigation, I will return to the attorney providing confidential materials to me all materials marked with the legends CONFIDENTIAL or

---

[1] Material for Attorney Review Only may be used and/or disclosed only as permitted in the Protective Order.

1

**EXHIBIT A**

CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER or ATTORNEY REVIEW ONLY: SUBJECT TO PROTECTIVE ORDER.

     5.    I submit to the jurisdiction of the Court as necessary to enforce the provisions of the Protective Order.  I am aware that if I violate any of the provisions of the Protective Order, I am subject to punishment including a possible contempt citation by the Court.

Dated: _____

Name: _____

Signature: _____